```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**ARTHUR BALLINGER, IV,**

      **Plaintiff,**

v.                                    Case No. 2:08-cv-00917

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On July 14, 2008, Plaintiff filed a Complaint (docket # 2) under 42 U.S.C. § 1983, alleging that the defendant is violating his constitutional rights with respect to the conditions of his confinement at Mount Olive Correctional Complex ("MOCC"). By Standing Order, the District Court referred this civil action to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done

prior to consideration of the Application to Proceed without Prepayment of Fees and Costs.  A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

<u>Pro</u> <u>se</u> complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because, for the reasons stated below, it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling him to relief, he should not be given an opportunity to offer evidence in support of his claim.  See, <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

Plaintiff's Complaint makes the following allegations [*verbatim*]:

> I am a Muslim.  I am constantly harassed by correctional officers.  On this occassion, I was going to rec and the CO said put your "shell" on reffering to my "kufi."  I explained to him it is called a "kufi," he said "no it is a shell."  This happens to me on a regular basis.  My non-pork trays are spit in right in front of me.  I am constantly referred to as "Muhammed," when that is not my name.  I am denied rec, basic toiletries, etc.  When I ask for these items, CO's say pray to "Allah" maybe he'll get you rec? or they say I am a christian but I know who "gave Muhammed" the Quran, the angel Gabriel.  When that is not even the conversation.  This has been a constant and endless harassment towards myself and has been brought to the captain's attention on numerous occasions. Also, while I was praying CO Cadle came to my door and said, come to your door Ballinger this is a

>direct order.  I went to the door and he said I was just kidding.  He did this three times that day.  I brought this to Cpl. Ken Rose's attention and officer Cadle was addressed by Ken Rose.  Ever since that point, Officer Cadle <u>not</u> Cpl. Rose, has retaliated on me making statements like "I bet you can't wait to die so you can go to heaven and get your twelve virgins."  He also stated that I can go back to praying "Muhammed."  I was denied a G-1 Grievance form until 5-29-08.  The write up I caught had nothing to do with Cadle or Rose.  Rose wrote the write up but it was about CO II Logan regarding another incident.  It had nothing to do with officer "Cadle."  He has also spit in my non-pork trays and made comments saying I'm going to put pork on your tray.  I have been moved to QII but the harrassment won't end.  This response to my G-1 by the warden does not have anything to do with the incident with CO Cadle on the 25th of May, his response is to an incident on May 26th on another incident, on the 26th regarding CO Logan, so it does not resolve the real G-1 issue.

(Complaint, # 2, at 4-6.)  The relief he requests is stated:

>I respectfully ask this court to award myself "fiscal damages" or I respectfully ask this court to order this institution to place me in their Mental Health Unit so I can get help for my mental health issues.  I have requested this numerous times and have been denied.

<u>Id.</u>, at 6.

In <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  This is a low standard.  The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" <u>Id.</u>, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner

must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." Id., at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

The holding in Farmer v. Brennan establishes that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has failed to show "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Moreover, Plaintiff has failed to allege that he has suffered any serious or significant injury resulting from the challenged conditions at the MOCC. Strickler requires a showing of significant injury. 989 F.2D at 1381.

Plaintiff alleges that some correctional officers have been verbally abusive. A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety,

do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989).

Plaintiff also contends that some guards have insulted his religion. Plaintiff has made no allegation that he has been prevented from the free exercise of his religion, including his right to receive a diet consistent with his sincerely held religious beliefs. While it may be disgusting and reprehensible that someone would spit on Plaintiff's food tray, it does not constitute a valid claim of a constitutional violation.

The Supreme Court of the United States has held that an inmate has no justifiable expectation that he will be incarcerated in any particular correctional facility. In Meachum v. Fano, 427 U.S. 215 (1976), and Montanye v. Haymes, 427 U.S. 236 (1976), the Court held that an intrastate transfer from one prison facility to another "does not directly implicate the Due Process Clause of the Fourteenth Amendment." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Specifically, the court stated:

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.
>
> Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to

5

impose.

Id. (quoting Meachum, 427 U.S. at 224-225). In Olim, the Court further wrote that "a holding that 'any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts.'" Id. (quoting Meachum, 427 U.S. at 225). Thus, Plaintiff has no constitutional right to be incarcerated in a particular facility, or in a particular unit within a facility.

Finally, Plaintiff has sued only the warden. To bring a civil rights claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Furthermore, a defendant who occupies a supervisory position may not be held liable merely under a theory of *respondeat superior* in a § 1983 action. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-92 (1978); Ross v. Reed, 719 F.2d 689, 698 (4th Cir. 1983).

Accordingly, the court proposes that the District Court **FIND** that Plaintiff has failed to state any claim upon which relief can be granted. It is respectfully **RECOMMENDED** that the District Court

**DISMISS** the Complaint (# 2) under 28 U.S.C. §§ 1915A(b)(1), and **DENY** Plaintiff's Application to Proceed without Prepayment of Fees and Costs (# 1).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

August 8, 2008
Date

Mary E. Stanley
United States Magistrate Judge